Okay, final case on the docket for oral argument today is in the Matter of Lance H, cause number 5-11-0244. And Ms. Goldman for the panel. May it please the court, counsel, I don't have visual aids, but I'll keep it short and sweet. In this case, it's an appeal of a finding of a continuing voluntary commitment order. And basically, during the hearing, Mr. H, Lance confirmed twice that he wanted to become a voluntary patient. Was it that after the evidence? Well, after the state brought the evidence. I was going to address this. Section 5-3-801 says any time prior to the adjudication, which I would say is... Does that mean if the judge is saying, I therefore enter judgment for, and if he says, judge, I want to do voluntary, does the judge have to stop, not make his ruling, let him submit to the director of operations, etc., etc., etc.? Yeah, I mean, I think that's the interesting part of this. I think if they wanted it before the hearing, they would have had said hearing instead of adjudication. Also, I'm concerned that if, let's say, a patient hears all this evidence and says, oh no, I'm going to lose, might as well, I become voluntary, you know. So you would say yes, any time up until the point that the judge says what the ruling is of the adjudication. Well... Or I guess if he made an oral ruling and ordered a written judgment, it wouldn't be final under our rules until the written judgment. Right. So you could, so... Or the trial court could at least address it. So would the respondent be able to wait until after he even hears what the ruling is before a written order is filed to say, I want, where's the line? Yeah, I guess the mental health code's not clear, but I was thinking if they said any time prior to the hearing versus adjudication, maybe I'm splitting hairs, but I was thinking of that situation when someone hears the evidence and thinks, oh, I want to become voluntary, you know. And this situation's a little bit different because... Okay, so what does the trial judge do then? What must the trial judge do if that happens? Well, they are, this is not the first time that a voluntary petition issue is raised at the trial court. They either discuss a pretrial hearing if the attorney raises it in pretrial. There was another case where they continued the hearing, said, you know, for further issue with regards to the voluntary admission. Or there's cases where, like, they addressed, I don't know if the person that requested the voluntary is at the hearing time, but there were cases where at least the trial court said, well, there's evidence, or asked the state why this person isn't voluntary. And the reason why under the statute is to, first, if they don't have the capacity to request to become voluntary. Who does he have to make the request to? The director. Not the trial court. Doesn't he have to make the request to the director? Let me just... Actually, 801 says respondent may request admission to informal or voluntary, as informal voluntary recipient at any time prior. It doesn't say exactly to who on 801. Well, the state contends it's the director. Right. And the state contends it has to be, like, a formal petition, but there's nothing saying it has to be formal or in writing. And, you know, there's basically under Illinois law, the Supreme Court says one of the statute's purposes is to encourage voluntary admissions, not only because of the therapeutic benefit, but because it helps, you know, it actually saves from future judicial hearings, too. But I think what happened was, in the history of this, is that they later put on the issue of whether the facility director approves or not. But if the state, if the legislature wanted it in written form before the hearing, they would have said so in the statute. And in this case, I think what's troubling is the court just ignored his request to be voluntary. I mean, there's, you know, other cases where they affirmed the denial and said, no, you'll be involuntary. And that was because, and basically the reason is, I know patients who abuse the process. They do it, sign a five-day notice, and then they have to go back again. There was no evidence that he abused the process. He was taking his medication. Well, they were in this proceeding because his previous involuntary commitment time was running out. Right. And so let's just, I don't know what the time frame was here, but let's say you're in a situation where it runs out the next day, you know, and you're in the middle of, you hear all the evidence, like in this case, and then before the judge can rule, he says, I want to voluntary. I mean, what do you do? I mean, he won't go free if there's a pending petition. That's my question on what happens. Yeah, if there's a pending petition, he won't go free. One case in the fourth is that they continued the case to another day to get the facility director's opinion on this. And another case was they actually did a pretrial conference. There's also the public defender, actually in this case, the public defender said that the client told him he wanted to be voluntary before the hearing. It just wasn't brought up until after they had the answers. Right. I mean, maybe I'm misunderstanding something here, but I thought these involuntary admissions were good for, is it 180 days? It's good for 180 days, but if they file a petition any time before that 180-day period, they're still involuntary until it's disposed of. Right. And just to think, like if it's involuntary medication order and the period runs out, they still take their medication for the next order. And the state said there is an issue of harm, not because probably in this case it won't discharge him if he does the five-day notice, but there's therapeutic benefits for becoming a voluntary patient, and that was stated by the Supreme Court in Hayes. And also there's the issue of strict compliance with the code that harm does not need to be proven. But there's clear precedent in the law that the code's purpose is to encourage voluntary admissions. If it's a voluntary commitment, can he just check out whenever he wants to? No, no. He has to file a five-day notice. I call it five-day notice. Basically it's a request to be discharged. He doesn't even have to do that in writing. They're supposed to provide a form for him to fill out. Then the court, I believe they have five business days to file a petition for involuntary admission if they don't think he meets the criteria. So it's not like he then gets to check out. Also part of this is every 30 days they have to, if you're voluntary, you have to confirm with them whether basically if you want to still become voluntary or not. Basically I think it adds control to the patient whether you still want to be there or not. I'm not a psychiatrist, but there is therapeutic benefits for becoming voluntary. It really is a legislating policy or whatever that favors voluntary admission. People recognize their own problems and try to deal with them. Right. They said actually one of the statute's purposes, I reread the language just to make sure, and the precedent was to encourage voluntary admissions. I think what's most troubling about here is the court just ignored him. I'm not going to ask a full, maybe he shouldn't have been a candidate for voluntary, but the court just ignored it, didn't address it. You think the court should have continued the case, had the request go to the director, and then see if the director agreed with the voluntary admission. If not, then the trial court could enter its involuntary commitment. Or at the very minimum ask the state to, I guess, from the bench to say, why should he not be a candidate for voluntary? And I think a little bit on these cases, the trial court judges act as parentis parenti. They're supposed to kind of oversee the health to make sure the health and safety of the respondent. So I think under that rule, if they don't want to burn the whole new trial, they can ask and get some more evidence from the state, well, he doesn't understand the voluntariness, we don't think he'll be therapeutic, but there was nothing of that. In this case, you concede, don't you, that the state produced all the evidence that they needed to produce for involuntary commitment? Oh, yeah. Williams has a strong, you know, but it's actually, I was thinking about this, the ones who are the most ill are probably the ones who should be encouraged to become voluntary, you know, because, you know, there's no doubt that they need the care and treatment, you know. So there's no case law precedent saying those who are more ill should not be involuntary. It's only when, and the case law with regard to the non-therapeutic and the best interest was, if they say contradictory, you know, if they don't take medication, and if they use the process and they said directly on the record, I want to be out of here right now, you know, contradictory statements. In this case, the trial court didn't say anything about it, but at this point he'd already heard all the evidence, which you concede was sufficient for involuntary commitment. So, I mean, couldn't it be said that at that point the trial court had heard everything he needed to hear to resolve what he needed to consider about voluntary treatment and made his ruling? You see what I'm getting at? Yeah. In other words, he'd already heard it, and by everybody's account, you know, they proved everything they needed to prove for involuntary commitment, and he may have thought, you know, he was voluntary, but that's not appropriate under his circumstances. He didn't say that. Right. We don't know what was in his mind. Yeah. I mean, I think part of this frustration is that, you know, he's confirmed it twice. You know, the state said there's no obstacle of him becoming voluntary. Now, the question is kind of vague whether there's no obstacle of him filing the petition or him becoming voluntary. That question wasn't clear. I mean, it would certainly be different if this came up at a pre-trial. Right. And his attorney said, today, on behalf of Mr. H., I've sent a letter to the director asking that he be voluntary. Yeah. You know, and if the judge would have said, I'm not going to consider that, I mean, it would be a different thing. But here it's just kind of hard to tell under circumstances where it doesn't come up until all the evidence is seen. Right. And I know this is not a totally clear-cut issue, but I think what's the most troubling is the judge didn't address it at all. That we know. Yeah. I mean, nothing on the record. You know, in the cases I've seen where it's brought up, you know, where they affirmed that it's voluntary, you know, affirmed that involuntary, where the trial court made some acknowledgment that they didn't think it's appropriate to become voluntary. You know, maybe the statute needs to be rewritten to make it more clear that it should be requested before the hearing and not before adjudication, but it's pretty clear in the statute it's before the adjudication. Do they have pre-trials in these cases usually? Yeah. Usually you just show up at the facility? Yeah. They're getting better. They're getting better. That's what I was going to say. I hope your counsel doesn't mind. There was a time five years ago where they had six hearings in a half an hour. I kid you not. I mean, my face felt, you know, total, you know. So here they are making progress. They did present current evidence. There's some cases where they don't present current behavior.  So we're not, you know, contesting the issue. But, you know, I don't think they know how to do voluntary or maybe they need some guidance on this issue of becoming voluntary. Also on the issue of mootness, because this is really an issue of guidance of what the trial court should do, we think this is capable of repetition if someone else asks for it to become voluntary. And also basically it's capable of repetition because it can happen in the future. And basically it's an issue of public interest because it's an interpretation, basically, of 801 before adjudications, before the entry of the work. Pretty good chance Mr. H is going to have another hearing somewhere down the road. Yeah, he's actually being kind of discouraged. He's not showing up for the hearings anymore. Just to be honest, you know. Yeah, I have a couple clients who always call me from Chester. He's a frequent one. If they get better down there, you're going to be out of a job. Well, yes. Yeah, well, actually, you know, I actually filed an Andrews brief on a Randolph County case about two months ago because they actually presented current evidence of the stuff. So they are getting somewhat better, you know, just to let you know. You know, I didn't say it on the briefs, but just to let you know on the progress on this. Does anyone have any further? Thank you very much. Thank you. Ms. Shanian. Tell us what the statute means and where the line is for when the court shall do something about a request for voluntary. Well, I want to note that this case was drafted by Neha Sharma. Passed on to Kelly Stacey, who had surgery last week, who then passed it on to me. So, please forgive me. I'm not as familiar with the record as I normally am. But, sister, you said where's the line? And I would add to that, and whose responsibility is it? Are we going to dump the onus of this onto a trial court to sort of sua sponte, say, wait a minute, because this is what happens here. The respondent is on the stand. He says, basically, he says, why do you feel you don't even need me in the department? I mean, he wants released. And he tells him why. And then they say, okay, if you're released, what would you do? He tells him what he's going to do. And then, counsel for the defendant says, and whenever we met this morning, you indicated that you would like to become a voluntary patient. Is that correct? Yes. This was in his testimony. In his testimony, after the state's done. And he says, do you understand you need to express this desire to a social worker? He says he's done that. That's directly disputed by the testimony of the social worker. And then he says, and pursuant to our conversation this morning, you're requesting to become a voluntary patient. Is that correct? So that's the request. If it's there, that's it. You know, the statute says a respondent may request admission as an informal or voluntary recipient at any time prior to an adjudication that he is subject to involuntary admission on an inpatient or outpatient basis. And, you know, adjudication is a term of art. We in this room know what that means. Sounds like it says any time before the judge makes the ruling. But you said, who does this request make to? And I think the very next sentence of that same statute says the facility director shall approve such a request unless the facility director determines that the respondent lacks the capacity to consent to informal or voluntary admission or that informal or voluntary admission is clinically inappropriate. So the chalkboard could have recessed. Could have. And, hey, respondent's attorney could have said, Your Honor, I'd like a continuance. Or, in one of the cases discussed by both parties, in fact, this court, I believe, the respondent filed a motion to vacate the judgment for involuntary admission and to allow this petition for voluntary admission. But then that's after adjudication. But the thing is, this has to go to the director. It has to go to the director. And the director has to make a decision. So somewhere along the line, someone has to ask the director. And I mean, it's not like we're dealing with these people representing themselves. They're represented by counsel. Counsel could ask. Okay. But I suspect that he's not, like, meeting with his counsel in advance of trial or anything like that. Highly unlikely, anyway. Chances are his counsel's there, and they bring these people in one at a time and he represents them. I just kind of suspect that. I just don't know that he has a whole lot of contact in advance as far as doing that. And in this case, didn't he testify? I told my social worker, and they wouldn't do anything about it. And the social worker said he didn't. I understand. Is there anything that says you have to request voluntary admission in writing? I think you have to clearly request it. And I think when it comes in at the very end of the situation, I think some of that response, you said he probably didn't meet with him in advance. Well, he met with him far enough in advance that in his questioning he said, when we met this morning, you said this. So he knew before the hearing started that his client had made some indication that he wanted a voluntary. At that point, his attorney could have asked for this continuance. His attorney, if it had been denied, could have then filed this motion that was filed in RUCIC. He could certainly make sure that since we all kind of can see that there's no way these things go through the system within the six months that it takes before a new, he could have just asked for it the next time. Here's the thing that I think that I noted in reading the cases cited by both sides, is that they seem to indicate that if there is evidence in the record that had the director been presented with the evidence about this respondent, that the director would not have allowed a voluntary commitment. In respondent's reply brief on page four, he defines clinically inappropriate behavior to be one of the things is that they don't recognize the need for treatment. This is a scary man. Well, and that goes to what I was asking earlier about, you know, can it be that the judge, he's heard the evidence at this point, he just says, I already know from what, in his mind, he thinks, I already know from the evidence I've heard that this is not an appropriate person for voluntary, and he decides, you know, I don't know. Is that allowed? Well, I think if there, I'm going to slightly amend that and say if there's evidence in the record that clearly indicates that the director, had he been presented with a voluntary petition, would have found it clinically inappropriate. I think if there is evidence in the record, in the matter of Bennett, we have this pre-trial hearing, and they go on to say, the Bennett court says, not only that the facility director would deny the request may have been the basis for the public defender's statement that a voluntary is no longer an option. It may also have been a basis of the trial court's comment that the state's attorney is not going to go along with it. So that's not the director. That's just saying, we know that the director wouldn't have approved this. But here the trial court didn't even address it. Didn't do anything like that. Correct. Right. But we're looking at what I just read to you was the appellate courts saying, I can't really say that in Bennett they truly addressed it. In matter of Hall, as acknowledged in Bennett, the appellate court implied that when the facility director does not attend the hearing, that the trial court can deny a patient's request. If there's not been a petition for voluntary beforehand. Hall goes on to say, while there is no direct evidence on the record of the opinion of the doctor regarding voluntary versus involuntary hospitalization, the trial court stated without objection by respondents' counsel that at a conference before the hearing, the doctor had indicated that involuntary commitment was a problem. Again, the issue was not at the hearing. It wasn't was you made a mistake in not doing voluntary. It was on appeal just as it is here. And, again, they're not exactly the same. But I mentioned Rusick where they, this court noted that after the finding that the respondent filed a motion to vacate the judgment for involuntary admission and to allow the petition for voluntary admission. Now, this, by the way, wouldn't have delayed things very long at all. It's not like having to wait months this motion to vacate. It would have had to have been heard primarily. Michelle L., also cited by respondent, does not hold that a trial court should grant a continuance. It's just that the judge did in that case. It doesn't say you have to. It doesn't say you should. Do you agree with Ms. Goldman that, you know, once a petition to extend an involuntary commitment is filed, even if the 180 days runs, they stay involuntarily committed until that petition is resolved? Or is it 180 days, 180 days? And I don't know. I honestly am going to defer to Ms. Goldman on that. She's far more of an expert in this area. I would agree with Justice Waxman that, due to the efforts of Ms. Goldman and of this court, these cases are a lot better. It would certainly make a difference, though, if you then you would be, you have time to continue and address the voluntary. You know, on the other hand, if the law is you've got to turn somebody loose and go 180 days. I don't think that's the case. But I don't think that when you have a respondent that says, I think I should be let loose. And, oh, I also think I should get voluntary. After what is conceded to be more than sufficient evidence to find this man. I mean, like I said, this is from the time that he committed his first sex crime through raping the prosecutor's niece or nephew's girlfriend to 2011, threatening to kill staff members. 2010, accosting female staff members. Great facts for a test case. It's just, as I said, he said, I think I should be let loose. He says, I think I should have a voluntary. I think there needs to be, if anything happened here, it becomes incumbent upon respondent's counsel at that point to then say, I'd like to request a containment. Am I correct in Roussik, was there a pending petition before they went to the trial court? The trial court just didn't consider it. It didn't make it during the hearing. No, I believe they did make it. It didn't make it during the hearing? I believe so. As I said, I. And Roussik should control. I, well, no. No. Roussik's facts are different. Okay. There's no case that is exactly like this. But all of the cases, and I'm sure Ms. Gowen will correct me if I say this wrong, but I believe that in all of these cases, the defendant was not, the trial court did not find that it was wrong to not immediately turn this into a voluntary thing. They all affirmed the involuntary commitment. They did different things within them. They pointed out different things, but when it comes right down to it, I guess if I were going to summarize my position, which I hope is the same as Ms. Sharma's position, I would say that if the record clearly establishes that had the petition for voluntary admission been properly made to the director, that the director would have denied it as clinically inappropriate, then I don't see that there can have been any error in not stopping this trial, or hearing, excuse me, and saying, oh, wait, we have to back up. Thank you. Thank you. Rebuttal, Ms. Gowen. With regard to the issue, any time prior to the adjudication, I reviewed my brief, and actually the governor's commission, with regards to the mental health code, says that the section's original purpose, which permits a person to request informal or voluntary admission before a court finding. Like I said, the gavel's in the air, and somebody screams, give me voluntary. The court needs to address it. And the issue, too, is it's not just the defendant's counsel's burden to make sure there's compliance. It's all part of it, especially when you have vulnerable clients who aren't that savvy. Maybe, actually, probably Liam snools the process by now, but other clients don't. And also, voluntariness is not in the form of petition. The statute doesn't say which form it is. And there was overturning in Berg, because there was no evidence regarding the denial of voluntary admission on the record. Basically, it stated that it held that because this is a liberty interest, the trial court cannot deny the request to be voluntary unless evidence shows why seeking treatment voluntary was not adequate and still necessitated involuntary commitment. The other side cited, I believe it was Bennett. And in that case, actually, the patient refused medication. Here, Lance is taking medication. And the trial court addressed the issue of being voluntary and gave the trial court. I think the issue, there's no, you know, in the cases where they said, you know, they're not willing or, you know, clinically inappropriate, there was none that affirmed where the client was taking medication. Thank you for your time. Thank you, Ms. Golden. All right, thank you for your interesting briefs and arguments. And we'll take this matter under advisement, issue a decision in due course.